NEW ORLEANS, JANUARY, 1881. 151

State ex rel. Mayor and Councilmen of Morgan City vs. Judges Court of Appeals.

No. 8155.

STATE EX REL. MAYOR AND COUNCILMEN OF MORGAN CITY VS. JUDGES COURT OF APPEALS OF THE FIFTH CIRCUIT.

A judgment of the late Parish Court of the Parish of St. Mary, passing upon the constitutionality of a certain municipal ordinance of Morgan City, was appealed from directly to this Court and the Appeal dismissed on legal grounds. The present Relator then obtained an Appeal from the said original judgment of the Parish Court to the Court of Appeals of the Fifth Circuit, which also dismissed that Appeal. This is an application for a *Mandamus* to compel the latter Court to try the case. *Held* that the dismissal of the Appeal by this Court rendered the judgment of the Parish Court final.

APPLICATION for a Mandamus.

*B. F. Winchester* for the Relators.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The relators pray for a *mandamus* to compel the respondents to try a case appealed from the late parish court of the parish of St. Mary, in which one Bateman, charging the unconstitutionality of a certain municipal ordinance relative to marketmen, enjoined the corporation of Morgan City from enforcing it *against him*, and in which the injunction was perpetuated.

The judgment which was thus taken to the Court of Appeals, has been before us for review, at Opelousas, last year. Considering that the ordinance assailed was not in the transcript, as also, that it did not appear that the plaintiff had been condemned under its provision to any fine or penalty, or had been relieved therefrom by the judgment appealed from or by any other judgment, or that the injunction had been perpetuated because of the unconstitutionality of the ordinance, we dismissed the appeal. 32 A. 891; 27 A. 620. Const., Art. 81.

Since then, assuming without authority that we had intimated that the judgment could be reviewed, in another *forum*—a question on which we studiously avoided expressing any opinion, formally saying so—the municipal authorities applied for an appeal returnable to the Court of Appeals for the Fifth Circuit, which was allowed.

Considering that the Supreme Court alone had jurisdiction in such cases, and that its judgment of dismissal impressed upon the judgment appealed from the character of *finality*, the latter court dismissed the appeal.

We are asked to review this judgment of dismissal, to decree that it is not correct, and to compel the Court of Appeals to try the case. We cannot grant the relief sought. The decree of dismissal of this Court did leave the judgment assailed in the condition in which it would

have been had it been affirmed, with this difference, that its correctness was not recognized. The effect as to the plaintiff, but as to him *alone,* is perfectly the same nevertheless.

It was for the relators to present to this Court, at Opelousas, a case which would have justified a revision of the judgment complained of. The transcript, to say the least, was defective, owing to its incompleteness. The appellants should have submitted a revisable case. They have not done so, and have no one to blame but themselves for the consequences of such omission on their part. We regret our inability to relieve them.

If it be true, that by such judgment a hardship has been inflicted upon the corporation, it must be a satisfaction for it to know that the judgment can operate as *res judicata* only as regards the plaintiff in injunction; that the city can, if the ordinance be constitutional, enforce it against others similarly situated, and, in case of conflict, make and present a case in a form which will secure an adjudication from this Court upon the vexed question.

The application is refused with costs.